DEBORAH M. SMITH
Acting United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-CR-00028-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | <u>GOVERNMENT'S</u> |
| vs. | ) | <u>SENTENCING</u> |
| | ) | <u>MEMORANDUM</u> |
| PAUL MICHAEL EVANS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>GOVERNMENT'S SENTENCING MEMORANDUM</u>

COMES NOW the United States Attorney's Office, by and through counsel, and respectfully submits this Sentencing Memorandum regarding the defendant, PAUL MICHAEL EVANS, who is scheduled to be sentenced on August 22, 2006. For the reasons provided below, the government concurs with the

recommendations made by the final presentence report ("PSR"), and, pursuant to the 11(c)(1)(B) plea agreement recommends a sentence of 33 months.

I.   BACKGROUND

On January 5, 2006, the defendant pled guilty to the following three counts: one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); one count of possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(2); and one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2).  During his plea colloquy, the defendant admitted that in January of 2006, Evans, who had previously been convicted of a felony and been convicted of a misdemeanor crime of domestic violence, possessed a firearm with an obliterated serial number.  The firearm had been transported in interstate commerce.

II.   SENTENCING CALCULATION

A.   Statutory Maximum Sentence

The maximum sentence that may be imposed on the defendant for Counts 1 and 3 of the First Superseding Indictment is ten (10) years imprisonment, a $250,000 fine, three (3) years of supervised release, and a $100 special assessment. The maximum penalty for Count 2 is five (5) years imprisonment, a $250,000 fine,

and $100 special assessment.

  B. <u>Sentencing Guidelines Calculation</u>

As noted in the PSR, neither the United States nor the defendant had any objections to the PSR. The guideline imprisonment range should be 33-41 months.

III. <u>GOVERNMENT'S SENTENCING RECOMMENDATION</u>

The government respectfully recommends that the court impose a sentence at the low-end of the Sentencing Guidelines range, or 33 months. When considering the sentencing factors in 18 U.S.C. § 3553, a sentence within the sentencing range of 33-41 months is appropriate. Such a sentence would recognize the seriousness of defendant's offense conduct, afford adequate deterrence to future criminal conduct and, meanwhile, protect the public from further crimes of the defendant.

The victim in this case has been contacted and will likely be at the sentencing hearing with family members. She, or another family member in her place, will likely wish to testify at the hearing.

The government recommends that the defendant be sentenced as follows:

(1) **33 months in custody**;

(2) **No fine is requested** due to the defendant's inability to pay;

(4)   **A three (3) year period of supervised release,** and

(5)   **A special assessment in the amount of $300.00** is, of course, required.

RESPECTFULLY SUBMITTED this 16th day of August, 2006 at Anchorage, Alaska

DEBORAH M. SMITH
Acting United States Attorney

s/ David A. Nesbett
Special Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2006,
a copy of the foregoing U.S. Sentencing Memo was served
electronically on:

M.J. Haden
Staff Attorney
Federal Public Defender Agency

s/ David A. Nesbett